**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| JAMES M. WATSON,<br><br>*Plaintiff*,<br><br>v.<br><br>HIWINGO LTD. and JACKPOT GO,<br><br>*Defendants*. | CIVIL ACTION NO. _____ |

**NOTICE OF REMOVAL**

Defendant Hiwingo Ltd. ("Hiwingo"), by and through its undersigned counsel, pursuant to 9 U.S.C. § 205, and 28 U.S.C. §§ 1441 and 1446, hereby specially appears for the purpose of this removal and, preserving all defenses, removes this action from the Circuit Court of Houston County, Alabama.

Pursuant to 28 U.S.C. § 1446(d), Hiwingo will file a Notice of Filing Notice of Removal with the Clerk of the Circuit Court of Houston County, Alabama, attaching a copy of this Notice (with exhibits) and will concurrently serve the parties with the same.

In support of this Notice of Removal, Hiwingo states as follows:

**JURISDICTION AND VENUE**

1. A defendant has a right of removal where an action brought in state court is one over which the district court has original jurisdiction. 28 U.S.C. § 1441.

2. The Court has original jurisdiction over this action because the arbitration agreement between the parties is governed by federal law pursuant to 9 U.S.C. §§ 201–208 (the "Convention Act").

1

3.      This Court also has original jurisdiction over this action because (1) this action is between citizens of a State and citizens or subjects of a foreign state; and (2) the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a).

4.      Venue is proper in the Middle District of Alabama because the state court action was filed in the Circuit Court of Houston County, Alabama, and Defendant has complied with the procedural requirements of 9 U.S.C. § 205, 28 U.S.C. §§ 1441 and 1446, and this Court is the district "embracing the place where the action or proceeding is pending." 9 U.S.C. § 205; *see also* 28 U.S.C. § 1441(a).

## GROUNDS FOR REMOVAL

5.      On April 8, 2026, Plaintiff James M. Watson initiated this action against Hiwingo Ltd., Jackpot Go, and Relaxing Moonlight Games, Inc. by filing a Complaint in the Circuit Court of Houston County, Alabama, Case No. 38-CV-2026-900202.00.

6.      Jackpot Go is the name of Hiwingo's online social gaming platform and is merely a trade name used by Hiwingo. Jackpot Go has no separate legal existence. (*See* Declaration of William Burns ("Burns Decl.") ¶ 6.) To the extent that Defendant Jackpot Go must nevertheless consent to removal, Hiwingo has sought and obtained the consent and agreement of Jackpot Go. *See* 28 U.S.C. § 1446(b)(2)(A) (requiring consent of all defendants "properly joined and served" when civil action is removed "solely under section 1441(a)").

7.      Defendant Relaxing Moonlight Games, Inc. has been voluntarily dismissed from the action. (*See* Order, State Court Dkt. No. 9.)

8.      Plaintiff asserts causes of action for: (1) breach of contract; (2) negligence; (3) unjust enrichment; (4) and violations of the Alabama Deceptive Trade Practices Act. (Compl. ¶¶ 28–38.)

9.      Plaintiff seeks damages of $7,119,541.00 plus additional incidental, consequential, compensatory, and punitive damages. (Compl. ¶¶ 39–40.)

10.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process and pleadings in the state court case to date are attached hereto as **Exhibit A**.

11.      Hiwingo received notice of this action by mail to a post office box associated with the Jackpot Go brand. (Burns Decl. ¶ 8.) Hiwingo, its officers, and its authorized agent have no presence at this address. (*Id.*) Hiwingo therefore has not properly been served with the Summons and Complaint. Removal is therefore timely under 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (time for removal runs from formal service); *see also Whitehurt v. Wal-Mart*, 306 F. App'x 446, 448 (11th Cir. 2008) (unpublished) ("[N]othing in the removal statute . . . requires that a defendant be served with the complaint before filing a notice of removal.").

12.      Removal is also timely under 9 U.S.C. § 205, which permits removal at "any time before" trial. 9 U.S.C. § 205.

13.      Under 28 U.S.C. § 1446(a), a notice of removal need only contain a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Moreover, the Supreme Court has held that a defendant's notice of removal "need only include a plausible allegation" that the jurisdictional requirements are satisfied. *Dart Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014).

**I.      The Convention Act**

14.      Removal of this case is proper under 9 U.S.C. § 205. This provision permits the Defendant to remove a case any time before trial when "the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement" falling under the

Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "Convention").

15.     The Convention governs an arbitration agreement if: (1) it is in writing, (2) the place of the arbitration is in a country that is a signatory to the Convention, (3) the dispute arises out of a commercial relationship, and (4) a party to the agreement is not an American citizen, or the agreement has some other reasonable relationship with one or more foreign states. 9 U.S.C. § 202; *see also Northrop & Johnson Yachts-Ships, Inc. v. Royal Van Lent Shipyard, B.V.*, 855 F. App'x 468, 472 (11th Cir. 2011) (unpublished).

16.     Here, the arbitration agreement is governed by the Convention.

17.     The arbitration agreement is in writing because in order to access Defendant's platform, Plaintiff agreed to the arbitration agreement contained in the terms of service. (Burns Decl. ¶¶ 9–15). *See Chambers v. Groome Transp. Alabama*, 41 F.Supp.3d 1327, 1340 (M.D. Ala. 2014). Plaintiff admits that he created an account on Defendants' online social gaming platform and that the platform's terms of service are a valid contract. (Compl. ¶¶ 9, 29.)

18.     Plaintiff's claims depend on his access to and use of Defendant's platform. Each of Plaintiff's claims arise out of the alleged results of a game Plaintiff played on Defendant's website. (*See* Compl. ¶¶ 9–27.)

19.     Accordingly, it follows from the facts as alleged in the Complaint, Plaintiff agreed to the written arbitration agreement contained within the platform's terms of service.

20.     Second, the United States is a signatory to the Convention, which is further codified at 9 U.S.C. §§ 201–208.

21.     This dispute is commercial in nature because it concerns purchases allegedly made on the Defendant's online social gaming platform. 9 U.S.C. § 202 (agreements described in 9

U.S.C. § 2 are within scope of the Convention); *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 57 (2003) (transaction involved commerce under 9 U.S.C. § 2 where claim involved business conducted throughout the southeastern United States).

22.     Finally, Hiwingo is a United Kingdom limited company with its principal place of business in the United Kingdom. Thus, Defendant, a party to this case, is not an American citizen, and this matter otherwise has a reasonable relationship to one or more foreign states. *See* 9 U.S.C. § 202.

23.     As a federal court in the Northern District of Illinois recently recognized in a case brought against a similarly situated foreign company, there is "no viable argument" that the arbitration agreement is not governed by the Convention. *Ambrosia v. Blazesoft Ltd.*, No. 25 C 1723, 2025 WL 2976477, at *3 (N.D. Ill. Oct. 21, 2025); (emphasis added); se*e also Boatner v. SSPS LLC*, No. 25 Civ. 3251, 2025 WL 3281509, at *2 (DEH), (S.D.N.Y. Nov. 25, 2025).

## II.     **Diversity Jurisdiction**

24.     Although Defendant denies any and all liability as to Plaintiff's claims and denies that this matter should proceed at all, removal of this case is additionally proper under 28 U.S.C. § 1332(a).

25.     Under 28 U.S.C. § 1332(a), district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(2).

26.     Here, Plaintiff alleges that he is entitled to damages of at least $7,119,541.00, (Compl. ¶¶ 10, 13.), so the amount in controversy requirement is met, *see Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (courts consider whether it is "facially apparent" that the amount in controversy exceeds jurisdictional requirement).

27. According to the allegations in the Complaint, at the time this action commenced, Plaintiff was a resident of Alabama. (Compl. ¶ 1.) Thus, Plaintiff is a citizen of Alabama for purposes of diversity jurisdiction.

28. Hiwingo is a United Kingdom limited company and is treated as a corporation for the purposes of section 1332. *See Finnerud v. nChain UK LTD*, No. 1:24-cv-05280, 2025 WL 3125964, at *4 (N.D. Ga. Sept. 30, 2025) (citing *Jet Midwest Int'l Co., Ltd. v. Jet Midwest Grp., LLC*, 932 F.3d 1102, 1105 (8th Cir. 2019)). For the purposes of section 1332, a corporation is "deemed to be a citizen of a State by which it has been incorporated" and also a citizen "of the State where it has its principal place of business." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006) (citing 28 U.S.C. § 1332(c)(1)).

29. As a United Kingdom limited company with its principal place of business in the United Kingdom, (Burns Decl. ¶ 5), Hiwingo is a citizen or subject of a foreign state, the United Kingdom. 28 U.S.C. § 1332(c)(1).

30. Because Jackpot Go is a non-existent entity, it is "to be ignored" for the purposes of determining whether complete diversity exists. *See Hart v. Yamaha-Parts Distributors, Inc.*, 787 F.2d 1468, 1469–70 (11th Cir. 1986).

31. Diversity of citizenship exists between Defendant and Plaintiff. Thus, removal is proper. 28 U.S.C. §§ 1332(a), 1441(a)–(b).

## **CONCLUSION**

32. Removal of this action is proper under 9 U.S.C. § 205.

33. Removal of this action is proper under 28 U.S.C. §§ 1332(a), 1441 and 1446.

34. Defendant reserves all defenses, including but not limited to defenses based on insufficient service, lack of personal jurisdiction, and arbitrability of the claims alleged in the

Complaint, including but not limited to, all defenses available under Fed. R. Civ. P. 12(b), and the right to move to compel arbitration. *See Reynolds v. Behrman Cap. IV L.P.*, 988 F.3d 1314, 1323 (11th Cir. 2021) (citing *Freeman v. Bee Machine Co.*, 319 U.S. 448, 449–51 (1943)); *S&H Contractors, Inc. v. A.J. Taft Coal. Co.*, 907 F.2d 1507 (11th Cir. 1990); *see also Hicks v. Am. United Life Ins., Co.,* No. CV-10-S-01401, 2011 WL 13233202 at *11 (N.D. Ala. Jan. 19, 2011) (removal is insufficient to establish that defendant acted inconsistently with the right to arbitrate).

Dated: May 13, 2026

*/s/ Gerald P. Gillespy*
Forrest S. Latta (LATTF0526)
Gerald P. Gillespy (GILLG3726)

**BURR & FORMAN LLP**
11 N. Water Street, Suite 22200
Mobile, AL 36602
Tel: (251) 344-5151
Fax: (251) 344-9696
Email: flatta@burr.com

420 North 20th Street
Suite 3400
Birmingham, AL 35203
Tel: (205) 251-3000
Fax: (205) 458-5100
Email: ggillespy@burr.com

*Counsel for Defendant*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 13th day of May, 2026, I caused the foregoing document to be sent by first-class U.S. mail to:

James M. Watson
200 Sweetwater Dr. Apt B27
Dothan, AL 36305
Smilesarefree123@icloud.com


*/s/Gerald P. Gillespy*
Gerald P. Gillespy
*Counsel for Defendant*