**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| JAMES M. WATSON,<br><br>*Plaintiff*,<br><br>v.<br><br>HIWINGO LTD; JACKPOT GO; and<br>RELAXING MOONLIGHT GAMES, INC.,<br><br>*Defendants*. | CIVIL ACTION NO. _____ |

**DECLARATION OF WILLIAM BURNS**

I, William Burns, declare and state as follows:

1.     I am employed as Director of Hiwingo Ltd. ("Hiwingo"), one of the named Defendants in the above-captioned action.

2.     As Director, I am familiar with the operations, business books and records of Hiwingo.

3.     I make this affidavit based on personal knowledge, records maintained in the ordinary course of business, and information reported to me in the ordinary course of business by individuals with a business duty to accurately report that information.

4.     I am over the age of eighteen (18) and competent to testify. If called upon to do so, I could and would testify competently to the matters stated herein.

5.     Hiwingo is a United Kingdom limited company with its principal place of business in Essex, United Kingdom.

6.     Hiwingo owns and operates free-to-play online social gaming platform, Jackpot Go (the "Platform"). The name Jackpot Go refers only to the Platform and not to a separate entity.

1

7.      I understand that on April 8, 2026, James Watson initiated this action against Hiwingo by filing a Complaint in the Circuit Court of Houston County, Alabama, Case No. 38-CV-2026-900202.00.

8.      Hiwingo learned of the Complaint when a copy of the Summons and Complaint were delivered to a post office box associated with the Platform. Hiwingo, its officers, and its authorized agent have no presence at this address.

9.      I have reviewed the Complaint filed by Plaintiff in this action. I have also reviewed Hiwingo's internal user account records, which are kept in the course of Hiwingo's regularly conducted business of operating the Jackpot Go platform. In operating the Jackpot Go platform, it is Hiwingo's regular practice to record the time and date of each user's account creation at the time the user creates the account.

10.     Hiwingo's internal user account records show that Plaintiff created his account on September 13, 2025.

11.     Only registered users may play the Platform's social games. Before an individual can play social games on the Platform, the individual must establish an account on the Platform through an online process that requires users to agree to Terms of Service and Privacy Policy. Once the account is established, a user identification (or player) number will then be assigned to that individual.

12.     To create an account, an individual user must check a box confirming agreement with the company's Terms of Service ("Terms") and Privacy Policy. These documents are made immediately available to the user through a hyperlink. If an individual fails to check the box confirming agreement to the Terms and Privacy Policy, the system will not allow the individual to proceed further in the account-creation process.

13. The account registration processes described in this Declaration are the processes as of the date of the filing of the Complaint, April 8, 2026 and have not materially changed since Plaintiff created his account on September 13, 2025.

14. Attached hereto as **Exhibit A** is a true and accurate copy of the Platform Terms in effect at the time Plaintiff created an account on the Platform.

15. Attached hereto as **Exhibit B** is a true and accurate copy of the Platform Terms in effect at the time Plaintiff filed the Complaint.

16. Under the Platform's Terms, users agree to submit all past, pending, or future disputes between them and Hiwingo arising out of or relating to any purchase or transaction by the user, or arising out of the platform's Terms and the Arbitration Agreement contained within the Terms, to binding, individual arbitration.

17. Users also agree that any dispute concerning the breach, enforcement, construction, validity, interpretation, enforceability, or arbitrability of the Terms and the Arbitration Agreement contained within the Terms will be resolved by arbitration.

18. The Arbitration Agreement calls for arbitration administered by JAMS under its Comprehensive Arbitration Rules and Procedures ("JAMS Rules") in effect at the time arbitration is sought and, to the extent applicable, the JAMS Mass Arbitration Procedures and Guidelines.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 12, 2026

Respectfully submitted,

_____

William Burns